**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0252, <u>Brian McGivern v. Erickson Foundation Supportworks, ADO Erickson Construction</u>, the court on October 11, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The plaintiff, Brian McGivern, appeals orders of the Circuit Court (<u>Curran</u> and <u>Rauseo</u>, JJ.) in this small claim case entering judgment in favor of the defendant, Erickson Foundation Supportworks, ADO Erickson Construction Co., Inc., on its counterclaim based upon the plaintiff's failure to attend the pretrial hearing, <u>see</u> <u>Dist. Div. R.</u> 4.4(b), and denying the plaintiff's motion to reconsider.  We affirm.

District Division Rule 4.4(b) provides:  "Attendance at the pre-trial hearing [in a small claim case] shall be mandatory. . . . Failure by either party to attend the pre-trial hearing shall result in a judgment in favor of the other party. . . . A default judgment shall not be stricken except upon a finding of good cause by the court."  <u>Dist. Div. R.</u> 4.4(b).  In this case, the parties agreed to continue the pretrial hearing, originally scheduled for December 29, 2022, and on January 9, 2023, the plaintiff received electronic service of the trial court's notices granting the continuance and rescheduling the pretrial for March 10, 2023.  The plaintiff did not attend the pretrial hearing on March 10, and by notice of decision dated April 5, 2023, the trial court (<u>Curran</u>, J.) granted the defendant default judgment in the amount of $6,048.71 plus interest and costs on its counterclaim.

The plaintiff moved for reconsideration, claiming that, when he received electronic service of the relevant trial court notices on January 9, he only saw the notice of the court's order granting the continuance, and did not see the hearing notice.  In denying the motion to reconsider, the Trial Court (<u>Rauseo</u>, J.) specifically found that, in fact, the "e[-]filing records show the plaintiff opened the Hearing Notice on 1/09/23 at 6:59 p.m."

On these facts, we cannot conclude that the trial court unsustainably exercised its discretion or erred as a matter of law by entering default and declining to strike the default for good cause.  <u>See</u> <u>Douglas v. Douglas</u>, 143 N.H. 419, 422-25 (1999).  The plaintiff's remaining arguments concern the merits of whether the defendant was entitled to judgment on its counterclaim.  Because we conclude that the trial court did not err by entering default based

upon the plaintiff's failure to attend the pretrial hearing, we need not address these arguments.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**